# IN THE COURT OF APPEALS OF IOWA

No. 14-0253
Filed May 14, 2014

**IN THE INTEREST OF K.C. AND M.C.,**
**Minor Children,**

**A.C., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Montgomery County, Susan L. Christensen, District Associate Judge.

The mother appeals the termination of her parental rights to her children, K.C. and M.C. **AFFIRMED.**

Josiah C. Wearin of Stamets & Wearin, P.C., Red Oak, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, and Bruce Swanson, County Attorney, for appellee State.

DeShawne Bird-Sell, Glenwood, attorney and guardian ad litem for minor children.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**VOGEL, P.J.**

The mother appeals the termination of her parental rights to her children, K.C. and M.C. She asserts the State failed to prove by clear and convincing evidence grounds to terminate her parental rights under Iowa Code section 232.116(1)(d), (e), (f), and (*l*) (2013). Due to the mother's persistent drug abuse and lack of contact with the children, we conclude the State proved by clear and convincing evidence her rights should be terminated pursuant to Iowa Code section 232.116(1)(*l*). Consequently, we affirm.

The children, K.C., born May 2006, and M.C., born February 2010, were removed from the mother's care on August 31, 2011, due to the mother caring for the children while under the influence of illegal substances. The Texas Department of Family and Protective Services alleged the mother fled from Texas to Iowa with the children to avoid Child Protective Service's involvement after she tested positive for illegal substances on three different occasions.[1] The children were adjudicated in need of assistance in Iowa on September 23, 2011.

The children returned to the mother's care from November 23 to December 12, 2011, while she was in an inpatient drug treatment program at Clearview Recovery, and again from January 6 to February 21, 2012, when the mother was in the Heart of Iowa program. She failed to complete either treatment program successfully and left the Heart of Iowa program, absconding with the children. Authorities located the motel room in which she and the

---

[1] While in Texas, the mother underwent three drug tests in May, June, and August of 2011, in which she tested positive for marijuana, cocaine, and non-prescribed opiates. Texas reports stated the mother tested positive for one of the highest levels of cocaine ever seen at the clinic.

children stayed in Coralville, Iowa, but only just after the mother had again fled with the children. Syringes were found in the hotel room. The children were eventually located in Virginia, and subsequently removed from the mother's care. After residing in family foster care, the children were eventually placed with the maternal grandparents in Florida, then placed with their maternal aunt on September 6, 2013, also in Florida, where they remained at the time of the termination hearing.

The mother has a history of absconding with the children to avoid the involvement of various state agencies. The mother has moved to several different states, including Florida, Virginia, Texas, and Iowa, in an effort to avoid having the children removed from her care. Moreover, during the pendency of this proceeding, the mother has been involved in several different drug treatment programs, both inpatient and outpatient, in Texas, Iowa, and Florida. The mother has only successfully completed one program, but continues to test positive for cocaine, amphetamines, and marijuana.[2] Additionally, during a psychological evaluation on December 21, 2012, the mother was diagnosed with bipolar disorder type I, polysubstance dependence, and cocaine and opiate abuse in partial remission. However, she failed to participate consistently in therapy and has not received continual psychiatric care.

The following services were offered during the pendency of this proceeding: family safety, risk, and permanency services; mental health

---

[2] According to the DHS report: "[The mother] reported that she has used illegal drugs a majority of her life and recognizes that she is addicted. [The mother] expressed that she understands how her drug use has negatively impacted all facets of her life, specifically with her children."

evaluation and treatment; chemical dependency treatment; drug testing; and case management services. However, the mother continues to abuse drugs and refuses to participate consistently in services or visitation offered by the department of human services (DHS).

Due to this conduct, the State filed a petition to terminate parental rights on July 26, 2013. A hearing was held on November 13. The mother did not appear, though she had spoken with her attorney the day before and was aware of the hearing, stating that she intended to attend. Through her attorney the mother moved for a continuance, which was denied. The court issued an order on February 3, 2014, terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(d), (e), (f), and (*l*).[3] The mother appeals.[4]

The State asserts the mother failed to preserve error regarding her argument the State did not prove by clear and convincing evidence grounds to terminate her parental rights under Iowa Code section 232.116(1)(d), (e), (f), and (*l*). Her attorney made a general statement regarding visitation, and called a DHS worker to testify, who stated the children cannot be returned to the mother's care. Although the State asserts the mother did not preserve error after failing to resist any of the State's allegations, we nonetheless choose to address whether the State proved grounds to terminate under paragraph (*l*).

---

[3] To terminate parental rights under Iowa Code section 232.116(1)(d), the State must show the child was adjudicated CINA for physical or sexual abuse or neglect, and the circumstances continue despite the receipt of services. To terminate parental rights under Iowa Code section 232.116(1)(e), the State must prove the child has been adjudicated CINA, removed from the home for six months, and that the parent has not maintained significant and meaningful contact with the child. To terminate parental rights under Iowa Code section 232.116(1)(f), the State must show the child is four years old or older, been adjudicated CINA, removed from home for twelve of last eighteen months, and cannot be returned to the parent's care.

[4] The father's rights were also terminated; however, he does not appeal.

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the child's best interest. *Id.* When the juvenile court terminates parental rights on more than one statutory ground, we only need find grounds to terminate under one of the sections cited by the juvenile court to affirm. *Id.* To terminate parental rights under paragraph (*l*), the State must prove:

> (1)  The child has been adjudicated a child in need of assistance pursuant to section 232.96 and custody has been transferred from the child's parents for placement pursuant to section 232.102.
> (2)  The parent has a severe, chronic substance abuse problem, and presents a danger to self or others as evidenced by prior acts.
> (3)  There is clear and convincing evidence that the parent's prognosis indicates that the child will not be able to be returned to the custody of the parent within a reasonable period of time considering the child's age and need for a permanent home.

Iowa Code § 232.116(1)(*l*).

The actions of the mother show that the children cannot be returned to her care due to her "severe, chronic substance abuse problem." *Id.* The mother has been in and out of many drug treatment programs, both inpatient and outpatient, over several years and in several different states. Her drug addiction remains. While she claims this is due to the father's negative influence, even though they have not been in contact for a significant period of time, she continues to abuse drugs. Moreover, her severe mental health problems remain untreated. Though the CINA and termination proceedings have been ongoing since September 2011, she has yet to demonstrate a sincere desire or ability to care for the children. She did not attend the termination hearing and she had no contact with

the children from July 7 to November 1, 2013. In determining the future actions of the parent, her past conduct is instructive. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Given this ongoing behavior, it is clear the children cannot be returned to the mother's care or custody. *See* Iowa Code section 232.116(1)(*l*). Consequently, we affirm the juvenile court's order terminating her parental rights.

**AFFIRMED.**